CHRIS ROSFJORD, WSBA #37668
ROSFJORD LAW, PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849
Email: rosfjordlaw@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, individually, and on behalf of himself and all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**[JURY DEMAND]** |

Plaintiff JOSH THOMAS ("Thomas"), upon information and belief, except as to allegations specific to Plaintiff, alleges as follows:

## I. INTRODUCTION

On March 27, 2020, President Donald Trump signed the CARES Act into law. While the CARES Act does not explicitly prohibit banks, lenders, credit card companies, service providers, etc. from charging fees and interest during the federally declared COVID-19 state of emergency, lawmakers specifically encouraged those companies to refrain from imposing fees and interest and to work with debtors. Although many companies have offered customers accommodations during COVID-19 crisis, such as forbearance agreements, those companies are still charging late fees and interest and

Class Action Complaint
*(Thomas v. American Express Company)*
Page 1 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

aggressively pursuing collection of past due accounts the moment any deferral periods have expired.

In addition, likely in anticipation of the expanded debt collection and credit reporting provisions included in the pending HEROES Act, credit card companies and other open-ended credit lenders are unlawfully purging customers without notice and without any lawful purpose. Rather than working with the customers who have paid them billions, even trillions, in fees and interest during the course of their relationship, during one of the most trying economic crises of our lifetime, lenders are turning their backs on the people without whom they would have no business.

## II.  NATURE OF THE ACTION

1.  Plaintiff Thomas brings this Class Action Complaint against Defendant American Express Company ("AMEX"), on behalf of himself and all other similarly situated AMEX customers, for breach of contract, violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*, violation of the Fair Credit Opportunity Act, 15 U.S.C. § 1691, and violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*.

2.  Defendant AMEX failed to timely and properly notify Plaintiff Thomas regarding significant changes to the terms of his credit accounts with Defendant AMEX.

3.  Plaintiff seeks monetary damages and declaratory and injunctive relief.

4.  Defendant AMEX's practices violate its own account agreements, as well as Washington state and federal statutory and common laws.

5.  Defendant AMEX's unlawful practices have damaged Plaintiff and other similarly situated AMEX members and Defendant AMEX must be enjoined from causing further substantial injury to its members.

## III.  PARTIES

6.  Plaintiff JOSH THOMAS ("Plaintiff") is an individual residing in Kitsap County, Washington and is a member of the Class defined herein.

Class Action Complaint
*(Thomas v. American Express Company)*
Page 2 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

7. Upon information and belief, Defendant AMERICAN EXPRESS COMPANY is a New York corporation with its principal place of business in New York, New York. Defendant AMEX does business within this District, throughout the State of Washington, and throughout each Federal Court District in the United States.

## IV. JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the amount of damages exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some of the Class Members are citizens of states different than Defendant AMEX.

9. This Court has personal jurisdiction over Defendant AMEX because Defendant AMEX is doing business in this District and purposefully directed its actions complained of herein towards this forum which have caused and are causing injury to Plaintiff.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this Court has personal jurisdiction over Defendant AMEX and a substantial portion of the events giving rise to Plaintiff' claims occurred in this District.

## V. FACTUAL ALLEGATIONS

11. Plaintiff Thomas is a freelance software engineer living in Kitsap County, Washington.

12. In 2013, Plaintiff Thomas applied for and was approved for three separate American Express credit cards: Blue Cash Everyday® from American Express (Account ending 8-41004); Amex EveryDay® Preferred Credit Card (Account ending 8-42005); and Blue Sky From American Express® (Account ending 0-11000) (collectively, "AMEX Accounts").

Class Action Complaint
*(Thomas v. American Express Company)*
Page 3 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

13. Plaintiff Thomas entered into separate contractual agreements with Defendant AMEX for each separate American Express credit card.

14. Under the Truth in Lending Act ("TILA"), the Fair Credit Opportunity Act ("FCOA"), and each individual contractual agreement, Defendant AMEX was required to make certain disclosures to Plaintiff Thomas when he opened each of his AMEX Accounts.

15. Under the TILA, the FCOA, and each individual contractual agreement, Defendant AMEX is also required to make certain disclosures regarding changes to Plaintiff Thomas' AMEX Accounts, including, but not limited to, changes to the annual percentage rate on each of Plaintiff Thomas' AMEX Accounts and other significant changes to his AMEX Accounts.

16. Defendant AMEX owes Plaintiff Thomas a duty of good faith and fair dealing in the execution of and its performance of its duties imposed by each contractual agreement with Plaintiff Thomas.

17. On Sunday, June 28, 2020, Plaintiff Thomas attempted to pay his electricity bill with one of his American Express cards, the card was declined. Plaintiff Thomas tried the card multiple times, but it was declined each time.

18. Plaintiff Thomas knew that he had available credit on the American Express card he tried to use because had made an $800.00 payment to Defendant AMEX on that account days earlier.

19. Shortly after having the card declined, Plaintiff Thomas called Defendant AMEX's customer service department to ascertain why the card was declined. After finally being able to speak with a human being, Defendant AMEX's customer service representative told Plaintiff Thomas that his card was declined because his previous

Class Action Complaint
*(Thomas v. American Express Company)*
Page 4 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

payment had been rejected by his bank.

20. Plaintiff Thomas explained that he was having issues with his bank, BECU, and, since it was Sunday, he would not be able straighten out the issues with BECU until the next day, when Plaintiff Thomas would then be able to re-submit the payment to Defendant AMEX.

21. Plaintiff Thomas further explained that he needed to go to the grocery store to buy some food and medication for himself and his two dogs, but due to a lack of access to cash caused by the issues with BECU and the wrongfully rejected payment to Defendant AMEX, he was unable to go to the store and use his American Express card.

22. The AMEX customer service representative did not provide Plaintiff Thomas with any assistance.

23. On the morning of June 29, 2020, Plaintiff Thomas received three emails from Defendant AMEX regarding each of Plaintiff Thomas' separate AMEX Accounts informing him, without any explanation, that, effective immediately, Defendant AMEX was closing each of Plaintiff Thomas' AMEX accounts.

24. Prior to Defendant AMEX's three emails on June 29, 2020, Defendant AMEX did not provide Plaintiff Thomas with any prior notice that Defendant AMEX would be closing Plaintiff Thomas' AMEX accounts, including when he spoke with multiple AMEX customer representatives the previous day.

25. Upon receiving the three emails from Defendant AMEX informing him it was closing all of his AMEX Accounts, Plaintiff Thomas again contacted Defendant AMEX's customer service department on June 29, 2020. Initially, Plaintiff Thomas was unable to speak with an AMEX customer service representative due to the phone line being disconnected each time he attempted to speak directly with a representative.

Class Action Complaint
*(Thomas v. American Express Company)*
Page 5 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

26.  Defendant AMEX's customer service representative informed Plaintiff Thomas that Defendant AMEX was sending Plaintiff Thomas a letter stating why Defendant had closed his AMEX Accounts.

27.  According to Defendant AMEX, it closed because Plaintiff Thomas' AMEX Accounts based on a June 13, 2020 credit report, which purportedly showed Plaintiff Thomas' FICO score as 648, which Defendant AMEX said did not meet its requirements, Plaintiff Thomas had other accounts on his credit report with late payments or past due amounts, and that Plaintiff Thomas had a low payment-to-balance ratio on his accounts. Defendant AMEX also referenced the recent rejected payment that Plaintiff Thomas had explained the previous day.

28.  On June 29, 2020, the date Defendant AMEX closed Plaintiff Thomas' AMEX Accounts, Plaintiff Thomas did not have any accounts with late payments or past due amounts on his credit reports.

29.  Defendant AMEX nor its customer account agreements do not inform AMEX credit card customers of any specific requirements regarding their FICO score.

30.  Defendant AMEX took no adverse action against Plaintiff Thomas when it obtained his FICO score on June 13, 2020 or on any other prior occasions.

31.  When Plaintiff Thomas applied for his AMEX Accounts in 2013, his FICO score was well below 648 and he had multiple delinquent medical accounts.

32.  Additionally, in the one-plus years prior to June 13, 2020, due to erroneous credit reporting by Plaintiff Thomas' other creditors, Plaintiff Thomas' FICO score had been below 648. During the past six months, Plaintiff Thomas' creditors have removed the erroneous negative reporting, his accounts show no late payments, collection actions, or any delinquent accounts, and his FICO score has gradually been increasing, and was

Class Action Complaint
*(Thomas v. American Express Company)*
Page 6 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1   above 648 prior to Defendant AMEX's actions.

2   33.   Defendant AMEX has now reported at least one of Plaintiff Thomas' AMEX Accounts to the credit reporting agencies as closed, which has negatively impacted Plaintiff Thomas' FICO score.

5   34.   On July 28, 2020, Defendant AMEX transferred at least one of Plaintiff Thomas' AMEX Accounts, Account ending 8-41004, to Zwicker & Associates, P.C. for collection.

8   35.   On July 28, 2020, Defendant AMEX sent Plaintiff Thomas an email informing him that his AMEX Account ending 8-41004 was significantly past due and that the account had been sent for collection. At the time Defendant AMEX abruptly closed Plaintiff Thomas' AMEX Accounts on June 29, 2020 without prior notice, none of Plaintiff Thomas' AMEX Accounts were past accounts.

13   36.   In Defendant AMEX's July 28, 2020 email to Plaintiff Thomas, Defendant AMEX erroneously states that his outstanding balance on Account ending 8-41004 was $8,415.27. Plaintiff Thomas' balance on Account ending 8-41004 was $7,605.05 when he received his June 10, 2020 account statement. Plaintiff Thomas made no purchases on that account between June 10, 2020 and when Defendant AMEX abruptly closed Plaintiff Thomas' AMEX Accounts on June 29, 2020 without prior notice.

19   37.   At no point in time has Defendant AMEX ever contacted Plaintiff Thomas regarding his FICO score.

21   38.   During the seven years that Plaintiff Thomas had his AMEX Accounts, he always made timely monthly payments, usually prior to the due date and in amounts greater than the minimum payment due.

24   39.   At the time Defendant AMEX closed Plaintiff Thomas' AMEX Accounts,

Class Action Complaint
*(Thomas v. American Express Company)*
Page 7 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

1  each of his AMEX Accounts were current and showed a balance due of $0.00. Even though Plaintiff Thomas' $800.00 payment had been erroneously rejected, Plaintiff Thomas' AMEX Accounts were still current because he was making a payment more than a week prior to the due date.

40.  Plaintiff Thomas' current FICO score is significantly higher than it has been during the past six months, during which Plaintiff Thomas received no notice or other communications from Defendant AMEX regarding his FICO score affecting his AMEX Accounts.

41.  Plaintiff Thomas' AMEX Accounts were not delinquent and Plaintiff had been making regular monthly payments on his AMEX Accounts.

42.  Since opening his AMEX Accounts in 2013, Plaintiff Thomas has always prioritized making payments on his AMEX Accounts first to ensure that they are always current and never late, usually paying an amount significantly higher than the minimum amount due each month.

## VI.  CLASS ACTION

43.  Plaintiff brings this action on behalf of a class preliminarily defined as:

> All AMEX customers who, during the applicable statute of limitations, had their American Express credit card accounts closed by Defendant AMEX without proper and timely notice and explanation (the "Class").

Excluded from the Class are Defendant AMEX; any agent, affiliate, parent, or subsidiary of Defendant AMEX; any entity in which Defendant AMEX has a controlling interest; any officer or director of Defendant AMEX; any successor or assign of Defendant AMEX; and any Judge to whom this case is assigned as well as his or her staff and immediate family.

44.  Plaintiff reserves the right to amend the class definition.

Class Action Complaint
*(Thomas v. American Express Company)*
Page 8 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

45. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under Rule 23.

46. **Numerosity:** Plaintiff estimates the proposed Class consists of hundreds, if not thousands, of AMEX customers, making it impracticable to individually join all Class members in a single action.

47. **Ascertainability:** The exact number of Class members and their identities are unknown at this time, but all Class members are readily identifiable from information in Defendant AMEX's possession, custody, and/or control.

48. **Typicality:** Plaintiff's claims are typical of Class members' claims as each arises from Defendant AMEX's wrongful actions in the course of maintaining each Class member's AMEX account(s).

49. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Class. Plaintiff's interests do not conflict with Class members' interests and Plaintiff Thomas has retained experienced counsel to vigorously prosecute this action on behalf of the Class.

50. **Commonality:** Plaintiff's and Class members' claims raise common factual and legal questions that can be answered for all Class members through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions – the answer to each of these questions will necessarily be the same for each class member:

    A. Whether Defendant AMEX failed to properly and timely notify the Class member before closing their American Express account;

    B. Whether Defendant AMEX failed to provide a proper and timely explanation to the Class member as to why their American Express

Class Action Complaint
*(Thomas v. American Express Company)*
Page 9 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

account was closed;

C. Whether Defendant AMEX's failure to provide proper and timely notice prior to closing a Class member's account, as well a proper and timely explanation of the reason for closure, violates the Washington State Consumer Protection Act;

C. Whether Defendant AMEX breached the covenant of good faith and fair dealing;

D. Whether Plaintiff and the Class members are entitled to damages and the proper method(s) for determining any damages;

E. Whether Plaintiff and the Class members are entitled to declaratory and/or injunctive relief preventing Defendant AMEX from taking the same actions against other AMEX customers.

51. <u>Superiority</u>: In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b). Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation.

## VII.  CAUSES OF ACTION

A. **FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Plaintiff and On Behalf of All Classes)**

52. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 51 above.

53. Plaintiff and the Class members each entered into a valid contract with Defendant AMEX for the provision of credit card services to Plaintiff and the Class members, as outlined in AMEX's account agreement and related account documents.

Class Action Complaint
*(Thomas v. American Express Company)*
Page 10 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

54. Each contract entered into between Plaintiff and the Class members and Defendant AMEX for the provision of credit card services are substantively identical because Defendant AMEX uses its own form account agreement.

55. Defendant AMEX has materially breached each of its contracts with Plaintiff and the Class members as set forth throughout this Class Action Complaint, including closing Plaintiff's and the Class members' AMEX accounts without proper notice or reason and by prematurely sending the AMEX accounts to outside collection agencies.

56. Defendant AMEX owed Plaintiff and all Class members a duty of good faith and fair dealing in the execution of and its performance of duties imposed by each of its contracts with the Plaintiff and the Class members.

57. Defendant AMEX breached its duty of good faith and fair dealing by, among other things, failing to properly and timely notify Plaintiff and the Class members prior to closing their American Express accounts and failing to provide proper and timely explanation to Plaintiff and the Class members regarding the reason(s) for the account closures.

58. As a result of Defendant AMEX's material breaches of its contracts with Plaintiff and the Class members and its breaches the covenant of good faith and fair dealing, Plaintiff and the Class members have suffered damages in amount to be proven at trial.

**B. SECOND CLAIM FOR RELIEF – VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86,** *et seq.*

(On Behalf of Plaintiff and All Classes)

59. Plaintiff re-allege and hereby incorporates by reference Paragraphs 1 through 58 above.

60. Under the Washington Consumer Protection Act, RCW 19.86, it is unlawful

Class Action Complaint
*(Thomas v. American Express Company)*
Page 11 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

to employ "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce…". RCW 19.86.020.

61. Defendant AMEX employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*, by, among other things, closing Plaintiff Thomas' AMEX Accounts without proper and timely notice and without proper and timely explanation. Defendant AMEX employed the same or similar unfair and deceptive acts and practices while maintaining all Class members' AMEX accounts.

62. Defendant AMEX's practices are deceptive and unfair because Defendant AMEX misrepresents and omits material information regarding its account practices and policies in its contracts with Plaintiff and the Class members

63. Defendant AMEX's unfair and deceptive acts and practices have the capacity to deceive a substantial portion of the public.

64. Defendant AMEX's unfair and deceptive acts and practices have an impact on public interest because there is a likelihood that the acts will be repeated with other persons.

65. As a direct and proximate result of Defendant AMEX's unfair and deceptive acts and practices, Plaintiff and the Class members have incurred damages in an amount to be proven at trial.

66. Pursuant to RCW 19.86.90, Plaintiff Thomas and the Class members are entitled to an award of treble damages.

67. Pursuant to RCW 19.86.90 and 19.86.140, Plaintiff Thomas and the Class members are entitled to payment of reasonable attorney fees and costs and civil penalties by Defendant AMEX.

Class Action Complaint
*(Thomas v. American Express Company)*
Page 12 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

C. **THIRD CLAIM FOR RELIEF – VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601,** *et seq.*

**(On Behalf of Plaintiff Thomas and All Classes)**

68. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 67 above.

69. Plaintiff and the Class members each entered into a valid contract with Defendant AMEX for the provision of credit card services to Plaintiff and the Class members, as outlined in AMEX's account agreement and related account documents.

70. In violation of 15 USC § 1637(i)(2), Defendant AMEX failed to provide Plaintiff Thomas and the Class members with 45-days written notice of a significant change in each of the account agreements between Plaintiff Thomas and the Class members and Defendant AMEX, prior to closing Plaintiff Thomas' and the Class members' American Express Accounts.

71. For purposes of 15 USC § 1637(i)(2), closure of Plaintiff's and the Class members' AMEX accounts constitutes a significant change to each of Plaintiff's and the Class members' account agreements with Defendant AMEX.

72. Pursuant to 15 USC § 1640(a)(1), Plaintiff Thomas and the Class members are entitled to their actual damages resulting from Defendant AMEX's violations, in an amount to be proven at trial.

73. Pursuant to 15 USC § 1640(a)(2)(i) and (iii), Plaintiff Thomas and the Class members are entitled to twice any finances charges related to Defendant AMEX's violations, with a minimum of $500.00.

74. Pursuant to 15 USC § 1640(a)(3), Plaintiff Thomas and the Class members are entitled to their costs and attorney's fees.

Class Action Complaint
*(Thomas v. American Express Company)*
Page 13 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

**D. FOURTH CLAIM FOR RELIEF - VIOLATION OF THE FAIR CREDIT OPPORTUNITY ACT, 15 USC § 1691, *et seq*.**

75. Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 74 above.

76. Plaintiff and the Class members each entered into a valid contract with Defendant AMEX for the provision of credit card services to Plaintiff and the Class members, as outlined in AMEX's account agreement and related account documents.

77. Defendant AMEX violated 15 USC § 1691(d)(2)(A) and (B) by failing to provide Plaintiff Thomas and each of the Class members with proper notification regarding adverse action on their AMEX accounts.

78. Pursuant to 15 USC § 1691e(a), Plaintiff Thomas and the Class members are entitled to their actual damages resulting from Defendant AMEX's violations, in an amount to be proven at trial.

79. Pursuant to 15 USC § 1691e(b), Plaintiff Thomas and the Class members are entitled to an award of punitive damages resulting from Defendant AMEX's violations.

80. Pursuant to 15 USC § 1691e(b), Plaintiff Thomas and the Class members are entitled to declaratory and injunctive to prevent further FCOA violations by Defendant AMEX.

81. Pursuant to 15 USC § 1691e(d), Plaintiff Thomas and the Class members are entitled to their costs and attorney's fees.

## VIII. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh Thomas respectfully requests a trial by jury on all issues properly triable by jury.

## IX. PRAYER FOR RELIEF

Plaintiff Thomas, on behalf of himself and the proposed Class, seeks the following

Class Action Complaint
*(Thomas v. American Express Company)*
Page 14 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849

relief:

1. An order certifying the proposed Class pursuant to Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Class;

2. An award of damages in an amount to be proven at trial;

3. An award of punitive damages, pursuant to 15 USC § 1691e(b);

4. An award of treble damages, pursuant to RCW 19.86.90;

5. An award of civil penalties, pursuant to RCW 19.86.140;

6. An award of reasonable attorney fees and other costs incurred out of the necessity of having to bring this litigation;

7. An award of pre-judgment and post-judgment interest;

8. Leave to amend this Complaint to conform to the evidence;

9. Such other and further relief as this Court may deem just and equitable.

DATED this 4th day of August, 2020,

ROSFJORD LAW PLLC

*[signature]*

Chris Rosfjord, WSBA #37668
Attorney for Plaintiff

Class Action Complaint
*(Thomas v. American Express Company)*
Page 15 of 15

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98117
(206) 321-4849