UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSH THOMAS,<br><br>            Plaintiff,<br><br>   v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>            Defendant. | C20-5785 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant American Express Company's Motion to Compel Arbitration and Stay Action, docket no. 14. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Plaintiff Josh Thomas opened three credit card accounts with American Express. Complaint (docket no. 1 at 3). American Express mailed Thomas his credit cards along with copies of the agreements governing each account ("Cardmember Agreements"). Herr Decl. (docket no. 15 at 3–4). The Cardmember Agreements each contain a "Claims Resolution" section with an arbitration clause. Ex. A to Herr Decl. (docket no. 15-1 at

ORDER - 1

13–14); Ex. B to Herr Decl. (docket no. 15-2 at 15–16); Ex. C. to Herr Decl. (docket no. 15-3 at 11–12).

In September 2019, through his monthly statements, American Express notified Thomas of amendments to the "Claims Resolution" sections of the Cardmember Agreements. Ex. A to Herr Decl. at 22–23; Ex. B to Herr Decl. at 24–25; Ex. C. to Herr Decl. at 20–21.

American Express closed Thomas's accounts in June 2020. Herr Decl. at 2–3. Thomas then filed a complaint relating to the account closures. *See* Complaint at 10–14. American Express moved to compel arbitration pursuant to the Cardmember Agreements. Thomas opposes the motion and asserts that the arbitration clauses in the Cardmember Agreements are unconscionable.

**Discussion**

A court may invalidate an arbitration agreement based on generally applicable contract defenses, such as unconscionability. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996). Under Utah law,[1] the party asserting unconscionability bears a heavy burden. Ryan v. Dan's Food Stores, Inc., 972 P.2d 395, 402 (Utah 1998). Thomas claims that the arbitration clauses in the Cardmember Agreements are procedurally and substantively unconscionable. The Court rejects both arguments.

---

[1] The Cardmember Agreements each contain a Utah choice-of-law provision. Ex. A to Herr Decl. at 12; Ex. B to Herr Decl. at 14; Ex. C. to Herr Decl. at 10.

ORDER - 2

**A. Procedural Unconscionability**

When analyzing procedural unconscionability, courts focus on the negotiation of the contract and the circumstances of the parties. Id. at 403. The court's "principle inquiry is whether there was overreaching by a contracting party occupying an unfairly superior bargaining position." Id. When determining whether a contract is procedurally unconscionable, courts consider six factors:

> (1) whether each party had a reasonable opportunity to understand the terms and conditions of the agreement; (2) whether there was a lack of opportunity for meaningful negotiation; (3) whether the agreement was printed on a duplicate or boilerplate form drafted solely by the party in the strongest bargaining position; (4) whether the terms of the agreement were explained to the weaker party; (5) whether the aggrieved party had a meaningful choice or instead felt compelled to accept the terms of the agreement; and (6) whether the stronger party employed deceptive practices to obscure key contractual provisions.

Id. (quoting Sosa v. Paulos, 924 P.2d 357, 362 (Utah 1996)). No factor is dispositive. Id. Instead, the court analyzes all the factors while considering the doctrine's goal of preventing oppression and unfair surprise. Id.

Thomas had the opportunity to read and understand the Cardmember Agreements when American Express sent him copies of those agreements along with his credit cards. Although American Express drafted the Cardmember Agreements and the parties did not negotiate the terms, Utah law does not prohibit adhesion contracts. MacArthur v. San Juan County, 416 F. Supp. 2d 1098, 1187 (D. Utah 2005). Indeed, "the times in which consumer contracts were anything other than adhesive are long past." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 346–47 (2011). Moreover, Thomas had the choice to not use the credit cards if he did not want to accept the terms; and nothing in the record

ORDER - 3

suggests that American Express used deceptive factors.  Despite Thomas's contrary argument, American Express did not conceal the amendments to the arbitration clauses, as it notified Thomas of the changes in September 2019.  Thomas points out that American Express did not explain the terms of the Cardmember Agreements to Thomas, but no single factor is dispositive.  Considering all the factors together, the Cardmember Agreements' arbitration clauses are not procedurally unconscionable.

### B.  Substantive Unconscionability

Substantive unconsionability focuses on the agreement's contents and the relative fairness of the parties' obligations. Ryan, 972 P.2d at 402.  A contract is substantively unconscionable if the terms "are 'so one-sided as to oppress or unfairly surprise an innocent party or [if there] exists an overall imbalance in the obligations and rights imposed by the bargain.'"  Id. (quoting Res. Mgmt. Co. v. Weston Ranch and Livestock Co., Inc., 706 P.2d. 1028, 1043 (Utah 1985)).  A contract term merely being unreasonable or more advantageous to one party is not sufficient to render it substantively unconscionable.  Id.

Thomas first contends that the Cardmember Agreements' arbitration clauses are not a reasonable alternative to litigation for consumers.  But "[a]rbitration agreements, generally speaking, are not substantively unconscionable under Utah law."  Miller v. Corinthian Coll., Inc., 769 F. Supp. 2d 1336, 1345 (D. Utah 2011).  Thomas next argues that the arbitration clauses are substantively unconscionable because they contain class action waivers and because American Express unilaterally amended them.  The inclusion of class action waivers, however, does not render the arbitration clauses substantively

ORDER - 4

unconscionable, as Utah law explicitly permits class action waivers in arbitration agreements.  *See* Utah Code Ann. § 70C-4-105(1) ("In accordance with this section, a creditor may contract with the debtor of an open-end consumer credit contract for a waiver by the debtor of the right to initiate or participate in a class action related to the open-end consumer credit contract.").  Additionally, Thomas's argument regarding American Express's unilateral amendments fails because Utah law also explicitly permits such amendments.  *See* id. § 70C-4-102(2)(a)(i) ("a creditor may change any written term of an open-end consumer credit contract at any time while the open-end consumer credit contract is in effect . . . if . . . the creditor mails or delivers written notice of the change").

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Defendant's Motion to Compel Arbitration and Stay Action (docket no. 14) is GRANTED and the action is STAYED pending further order of the Court;

(2)     The parties are directed to file a Joint Status Report upon completion of the arbitration or not later than December 31, 2021; and

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 4th day of December, 2020.

*/s/ Thomas S. Zilly*

THOMAS S. ZILLY
United States District Judge